UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LIFE'S FORTUNE LLC, successor to NEKTAR
NUTRITION INC.; OWELL NATURALS
BRAND, LLC; and MOSHE ZAHLER
a/k/a MOSES ZAHER,

                    Plaintiffs,

  - against -

SERENU INC.; JOSEPH STERN; SHAYA
WERZBERGER a/k/a VOLVIE WERZBERGER
a/k/a SAM WERZBERGER; and SHMUEL
MAYER ROTH,

                    Defendants.
------------------------------------------------------------------x

Case No. 7:24-cv-05066
(CS) (JCM)

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Shaya Werzberger (identified in the Complaint as "Shaya Werzberger a/k/a Volvie Werzberger a/k/a Sam Werzberger") ("Werzberger"), by and through his attorney, Paul Batista, P.C., as and for his Answer and Affirmative Defenses to the Complaint filed July 3, 2024 (the "Cplt."), respectfully alleges as follows:

1. Denies each and every allegation of ¶1 of the Cplt.

2. Denies each and every allegation of ¶2 of the Cplt.

3. Denies each and every allegation of ¶3 of the Cplt.

4. Denies each and every allegation of ¶4 of the Cplt.

5. Denies each and every allegation of ¶5 of the Cplt.

6. Denies each and every allegation of ¶6 of the Cplt.

7. Denies each and every allegation of ¶7 of the Cplt.

8. Denies each and every allegation of ¶8 of the Cplt.

9. Denies each and every allegation of ¶9 of the Cplt.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶10 of the Cplt.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶11 of the Cplt.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶12 of the Cplt.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶13 of the Cplt.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶14 of the Cplt.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶15 of the Cplt.

16. Denies each and every allegation of ¶16 of the Cplt., including the allegation that defendant Werzberger "was a key executive employee of [p]laintiffs from 2020 to December 2022."

17. Denies each and every allegation of ¶17 of the Cplt.

18. States that ¶18, ¶19 and ¶20 of the Cplt. contain conclusory and inaccurate jurisdictional and venue allegations as to which no response is required.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶21, ¶22, ¶23, ¶24, ¶25 and ¶26 of the Cplt.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶27, ¶28, ¶29, ¶30 and ¶31 of the Cplt.

21. Denies each and every allegation of ¶32 of the Cplt.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶33 of the Cplt.

23. Denies each and every allegation of ¶34 of the Cplt.

24. Denies each and every allegation of ¶35 of the Cplt.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶36 of the Cplt.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶37 of the Cplt.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶38 of the Cplt.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶39, ¶40, ¶41, ¶42, ¶43, ¶44, ¶45, ¶46, ¶47, ¶48 and ¶49 of the Cplt.

29. Denies each and every allegation of ¶50 of the Cplt.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶51, ¶52 and ¶53 of the Cplt.

31. Denies each and every allegation of ¶54, ¶55, ¶56, ¶57, ¶58, ¶59, ¶60, ¶61, ¶62, ¶63, ¶64, ¶65, ¶66, ¶67, ¶68, ¶69, ¶70, ¶71, ¶72, ¶73, ¶74, ¶75, ¶76, ¶77, ¶78, ¶79, ¶80, ¶81, ¶82, ¶83, ¶84, ¶85, ¶86, ¶87, ¶88, ¶89, ¶90, ¶91, ¶92, ¶93, ¶94, ¶95 and ¶96 of the Cplt.

32. Denies each and every allegation of ¶97 of the Cplt.

33. Denies each and every allegation of ¶98 of the Cplt., except asserts that plaintiff Moshe Zahler a/k/a Moses Zahler ("Zahler") is a sexual predator whose conduct against defendant Werzberger entailed sexual abuse, including rape, against Werzberger, whose claims against Zahler are being pursued in independent and wholly justifiable separate litigations in the Supreme Court of the State of New York.

34. Denies each and every allegation of ¶99, ¶100 and ¶101 of the Cplt.

35. Denies each and every allegation of ¶102 of the Cplt.

36. Admits the allegations of ¶103 of the Cplt., except denies each and every allegation of ¶103 of the Cplt. which falsely states that, "Werzberger's real, extortionate motivations behind his baseless sexual abuse suits against Zahler was divulged to certain third parties who, in turn, communicated this to [p]laintiffs prior to the filing of action."

37. Denies each and every allegation of ¶105, ¶106, ¶107, ¶108, ¶109, ¶110, ¶111, ¶112, ¶113, ¶115, ¶116, ¶117, ¶118, ¶119, ¶120, ¶121, ¶122 (which in addition to its obvious falsity is ungrammatical and not comprehensible), ¶123, ¶124, ¶125, ¶126, ¶127, ¶128, ¶129, ¶131, ¶132, ¶133, ¶134, ¶135, ¶136, ¶138, ¶139, ¶140, ¶141, ¶142, ¶143, ¶144, ¶145, ¶146, ¶147, ¶148, ¶149, ¶150, ¶151, ¶152, ¶153, ¶154, ¶155, ¶156, ¶157, ¶158, ¶160 (which purports as written to state a conclusion of law and not a fact and thus requires no response), ¶161, ¶162, ¶163, ¶165, ¶166, ¶167, ¶168, ¶170, ¶171, ¶172, ¶173, ¶174, ¶175, ¶176, ¶177, ¶178, ¶180, ¶181, ¶182, ¶183, ¶185, ¶186, ¶187, ¶188, ¶189, ¶190, ¶191, ¶192, ¶193, ¶194, ¶195, ¶196, ¶197, ¶198, ¶200, ¶201, ¶202, ¶203, ¶204, ¶205, ¶206, ¶208, ¶209, ¶210, ¶211, ¶212, ¶213, ¶214, ¶215 and ¶216 of the Cplt.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶218, ¶219, ¶220, ¶221, ¶222, ¶223, ¶224, ¶225 and ¶226 of the Cplt.

39. Denies each and every allegation of ¶228, ¶229, ¶230, ¶231, ¶232, ¶233, ¶234, ¶235, ¶236, ¶237, ¶238, ¶239, ¶240, ¶241, ¶242, ¶243, ¶244, ¶245, ¶246, ¶247, ¶248, ¶249, ¶250, ¶251, ¶252, ¶253, ¶254, ¶255, ¶256, ¶257, ¶258, ¶259, ¶260, ¶261, ¶262, ¶263, ¶264, ¶266, ¶267, ¶268, ¶269, ¶270, ¶271, ¶272, ¶273, ¶274, ¶275, ¶276, ¶277, ¶278, ¶279, ¶280, ¶281, ¶282, ¶283, ¶284, ¶285, ¶286, ¶287, ¶288, ¶289, ¶290, ¶291, ¶292, ¶293, ¶295, ¶296, ¶297, ¶298, ¶299, ¶301, ¶302, ¶303, ¶305, ¶306, ¶307, ¶308, ¶309, ¶310 and ¶311 of the Cplt.

## FIRST AFFIRMATIVE DEFENSE

40. The Cplt. fails to state any cause of action against defendant Werzberger on which relief can be granted for purposes of Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

41. The Cplt., as pleaded, violates the mandate of Fed. R. Civ. P. 8(a)(2) that claims for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief...."

42. The Cplt., as written, is impermissibly lengthy, prolix, and repetitive and, as such, fails to satisfy the requirements of Fed. R. Civ. P. 8.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Plaintiffs have violated the service requirements of Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Plaintiffs have violated the requirements of Fed. R. Civ. P. 11 since the Cplt. is "being presented for [an] improper purpose...to harass [and] needlessly increase the cost of litigation" [Fed. R. Civ. P. 11(b)(1)]; "the claims...and other legal contentions are [not] warranted by existing law..." [Fed. R. Civ. P. 11(b)(2)]; and "the factual contentions have [no] evidentiary support..." [Fed. R. Civ. P. 11(b)(3)].

WHEREFORE, defendant Werzberger demands judgment:

- Dismissing the Complaint in its totality;
- Imposing sanctions, including Werzberger's attorneys' fees, on plaintiffs and their counsel; and
- Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 6, 2024

                                            PAUL BATISTA, P.C.

                                            By: _____
                                                 Paul Batista
                                                 Attorney for Defendant
                                                 26 Broadway, Suite 1900
                                                 New York, New York 10004
                                                 (631) 377-0111 (T)
                                                 Batista007@aol.com

TO:   BRUCK LLP
        Attorneys for Plaintiff
        1207 East 34th Street
        Brooklyn, New York 11210
        (212) 593-9090 (T)
        YB@BruckLLP.com

        CLERK OF THE COURT